1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

BASHE ABDI YOUSUF, et al.,    .   Civil Action No. 1:04cv1360
                              .
         Plaintiffs,          .
                              .
   vs.                        .   Alexandria, Virginia
                              .   April 20, 2012
MOHAMED ALI SAMANTAR,         .   10:07 a.m.
                              .
         Defendant.           .
                              .
. . . . . . . . . . .

TRANSCRIPT OF MOTIONS HEARING
BEFORE THE HONORABLE LEONIE M. BRINKEMA
UNITED STATES DISTRICT JUDGE

APPEARANCES:

FOR THE PLAINTIFFS:              STEVEN H. SCHULMAN, ESQ.
                                 JOSEPH W. WHITEHEAD, ESQ.
                                 Akin Gump Strauss Hauer &
                                 Feld LLP
                                 1333 New Hampshire Avenue, N.W.
                                 Washington, D.C. 20036

FOR THE DEFENDANT:               JOSEPH PETER DRENNAN, ESQ.
                                 218 North Lee Street, Third Floor
                                 Alexandria, VA 22314

BANKRUPTCY COUNSEL:              CHRISTOPHER S. MOFFITT, ESQ.
                                 Law Offices of Christopher S.
                                 Moffitt
                                 218 North Lee Street, 3rd Floor
                                 Alexandria, VA 22314-2643

OFFICIAL COURT REPORTER:         ANNELIESE J. THOMSON, RDR, CRR
                                 U.S. District Court, Fifth Floor
                                 401 Courthouse Square
                                 Alexandria, VA 22314
                                 (703)299-8595

(Pages 1 - 6)

COMPUTERIZED TRANSCRIPTION OF STENOGRAPHIC NOTES

2

1                    P R O C E E D I N G S
2              THE CLERK:  Civil Action 04-1360, Bashe Abdi Yousuf,
3    et al. v. Mohamed Ali Samantar.  Would counsel please note
4    their appearances for the record.
5              MR. SCHULMAN:  Steven Schulman for the plaintiffs,
6    Your Honor, along with my colleague, Joseph Whitehead.
7              THE COURT:  Good morning.
8              MR. SCHULMAN:  Good morning, Your Honor.
9              MR. DRENNAN:  Good morning, Your Honor.  Joseph Peter
10   Drennan on behalf of the defendant, Mohamed Ali Samantar.
11             MR. MOFFITT:  Good morning, Your Honor.  Christopher
12   Moffitt.  I really don't have a role in this case.  I'm counsel
13   in the bankruptcy case for General Samantar.
14             THE COURT:  All right.  Well, this matter comes on
15   the plaintiff's motion for sanctions.  We've received,
16   Mr. Drennan, your opposition.  Of course, we've also gotten
17   Mr. Moffitt's position.  Since your opposition just came in,
18   I'll ask Mr. Schulman or Mr. Whitehead if they have anything
19   they want to say in response to your opposition.
20             MR. SCHULMAN:  Just to Mr. Drennan's right now?
21             THE COURT:  Yes.
22             MR. SCHULMAN:  Your Honor, I have barely --
23             THE COURT:  At the lectern, please.
24             MR. SCHULMAN:  I apologize.  I barely had time to
25   read it, Your Honor.  The one thing that I'll comment on is

3

1  Mr. Drennan goes on at length about the date of the hearing.
2            We were never contacted for an extension.  I would
3  have gladly given an extension had one been asked for.  We did
4  get it -- this morning I happened to be in the office and was
5  able to print it out, but I will note that there's no
6  discussion in there of -- at least doesn't appear to be -- of
7  Mr. Drennan's role in the bankruptcy proceeding and in filing
8  that and having Mr. Moffitt file it on the Sunday night before
9  our trial was to commence.
10           THE COURT:  Well, quite frankly, motions for
11 sanctions and especially in a case like this are in my view
12 extremely ill-advised, and I'm denying the motion outright
13 without hearing any kind of extensive argument --
14           MR. SCHULMAN:  Okay.
15           THE COURT:  -- because I did finally get a response
16 from Mr. Drennan.
17           The affidavits attached to Mr. Drennan's papers
18 clearly establish a sufficient basis to find that Mr. Drennan
19 was working diligently to defend this case.  He certainly was
20 aggressive throughout all his appearances before this Court.
21 The argument that he had somehow decided that he wasn't going
22 to defend this case is certainly not supported by the record.
23           The many affidavits supplied with his motion -- and I
24 did get a chance to read everything before I came on the
25 bench -- show that he had engaged interpreters who would come

1  to court for the trial, that he and family members of the
2  defendant were working vigorously to get all of the exhibits
3  copied.  He correctly points out that the resources that the
4  plaintiffs had dwarfed the resources of the defendant.
5           The fact that a defendant runs to bankruptcy court on
6  the eve of trial or after having just had a judgment entered or
7  about to be entered against him is a tactic that is used by
8  lawyers all over.  Whether it's a good tactic or not, it's one
9  that's used.  If there's been an abuse of the bankruptcy
10 process, that matter goes before the bankruptcy court, not this
11 Court.
12          We are going to get an opinion out shortly on the
13 underlying case.  That should end the litigation.
14          I do note for the record that Mr. Drennan is sitting
15 here with a Band-Aid on his head.  I do think, Mr. Drennan,
16 that if you had contacted the Court and advised us that you had
17 this problem, we would clearly have continued the date, so, I
18 mean, to some degree, you caused your own suffering in this
19 respect.
20          But I'm not granting any motion for sanctions, so the
21 motion is denied.
22          MR. SCHULMAN:  Your Honor, may I just say one thing?
23 Your Honor, I want to say that I took no delight or relish in
24 filing a motion for sanctions, and I certainly repect Your
25 Honor's view of this, and we did take it very seriously.  The

5

1  facts do show that the bankruptcy was filed, you know, at the
2  very last minute with the intent to delay the trial.
3          THE COURT:  Well, that may be the case, but that's an
4  issue you can take up with the bankruptcy court.
5          MR. SCHULMAN:  And we will then.  We will then, Your
6  Honor, but --
7          THE COURT:  Wait.  And I will also note for the
8  record that quite frankly, in terms of use of resources, this
9  case being in the default posture that it was probably saved a
10 week of trial time, and I take that as actually a benefit to
11 the system.  The plaintiffs had their day in court, the
12 essential issues were presented, but the trial was, quite
13 frankly, much shorter and its appellate posture if there is an
14 appeal is in a different situation quite favorable to the
15 plaintiffs because the defendant defaulted.
16         So there is no prejudice to the plaintiffs.  This
17 case was taken on a pro bono basis, and we're going to move on
18 to the next case, but thank you.
19         MR. SCHULMAN:  Thank you, Your Honor.  I appreciate
20 it.
21         THE COURT:  Thank you, counsel.
22         I don't need to hear from you, Mr. Moffitt.  I mean,
23 I'm denying the sanctions motion in this court.  If there's an
24 issue with the bankruptcy court, it can be litigated there.
25         MR. MOFFITT:  All right, thank you, Your Honor.

```
                                                                        6
 1              THE COURT:  All right.
 2                     (Which were all the proceedings
 3                      had at this time.)
 4
 5                    CERTIFICATE OF THE REPORTER
 6       I certify that the foregoing is a correct transcript of
 7  the record of proceedings in the above-entitled matter.
 8
 9
10                                    _____/s/_____
                                         Anneliese J. Thomson
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```